UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WADE BECKHAM,

    Defendant.

Case No. 07-cr-40062-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jason Wade Beckham's motion for copies of the transcripts of his criminal proceedings (presumably his guilty plea and sentencing) and the "sentencing recommendation section" of his presentence investigation report (Doc. 27). On October 11, 2007, Beckham pled guilty to one count of receipt of child pornography (count 1) and one count of possession of child pornography (count 2). On January 11, 2008, the Court sentenced him to serve 180 months in prison on count 1 and 120 months in prison on count 2. Transcripts of these proceedings have not been prepared.

## I.     Transcripts

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

Beckham has not made the showing this Court requires before it will order a transcript to

be prepared for him free of charge. First, Beckham has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript he requests. He has submitted no documentation of the current status of his finances. Therefore, he has failed to satisfy the first requirement.

Secondly, and more importantly, the defendant has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for free transcripts. At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending non-frivolous motion.

## II.   Sentencing Recommendation

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court

action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Again, Beckham has failed to make the necessary showing that he is financially unable to purchase copies of the documents in his file or that he needs the document he requests for a non-frivolous court action.

More importantly, however, the sentencing recommendation is not required to be disclosed under 18 U.S.C. § 3552(d), Federal Rule of Criminal Procedure 32(e) or Local Rule Cr32.1(b). It is a confidential document prepared by the Probation Office for the Court's use only and will not be disclosed to a defendant or the government. *See* Fed. R. Crim. P. 32(e)(3); Local Rule Cr32.1(b). "Due process guarantees that a defendant see the presentence report in his case and have the opportunity to refute its contents before the district court; but there is 'no constitutional or statutory right to be informed of a particular sentencing recommendation made by the probation office to the district court.'" *United States v. Blythe*, 944 F.2d 356, 361 (7th Cir. 1991) (citing *United States v. Heilprin*, 910 F.2d 471, 474 (7th Cir. 1990)).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Beckham's motion (Doc. 27).

**IT IS SO ORDERED.**
**DATED: June 30, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**